# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED KENNETH MACDONALD, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KENT D. HAROLDSEN; JOHN GARZON; ROBIN BAKER; ED HUGHS; and DOES 1-100, <br><br> Defendants. | **CASE NO: 11-CV-1088-IEG (BLM)** <br><br> **ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS** <br><br> [Doc. No. 6] |

Presently before the Court is Defendants Kent D. Haroldsen, John Garzon, Robin Baker, and Ed Hughs's motion to dismiss. This motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated below, the Court **DENIES** Defendants' motion.

## BACKGROUND

Plaintiff Fred MacDonald alleges that United States immigration authorities unlawfully detained him, removed him from the United States, and denied him permission to reenter the U.S. for one year. At the time of his removal, MacDonald claims he was in the U.S. under an "S13" classification status, meaning he is a Canadian-born Native American and thus could not lawfully be removed from or denied entry into the United States.

1    On May 16, 2011, MacDonald filed his initial complaint in state court, alleging two *Bivens*
2 claims against individual defendants Kent D. Haroldsen, John Garzon, Robin Baker, and Ed Hughs, all
3 employees of the U.S. Department of Homeland Security ("DHS"), and one claim alleging a violation
4 of 18 U.S.C. § 4001(a), against DHS and the individual defendants. On May 18, 2011, DHS removed
5 the action to this Court. On June 8, 2011, MacDonald filed an amended complaint, adding the United
6 States as a defendant and adding additional claims. [Doc. No. 4.]
7    The individual defendants now move to dismiss MacDonald's claims against them because he
8 has thus far failed to perfect service of process on them as required under Federal Rule of Civil
9 Procedure 4(i).

## LEGAL STANDARD

11    "A federal court does not have jurisdiction over a defendant unless the defendant has been
12 served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.,*
13 *Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.
14 1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives
15 sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.,*
16 736 F.2d 1371, 1382 (9th Cir. 1984). "Nonetheless, without substantial compliance with Rule 4
17 'neither actual notice nor simply naming the defendant in the complaint will provide personal
18 jurisdiction.'" *Direct Mail*, 840 F.2d at 688 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th
19 Cir.1986)).
20    "To serve a United States officer or employee sued in an individual capacity for an act or
21 omission occurring in connection with duties performed on the United States' behalf . . . a party must
22 serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R.
23 Civ. P. 4(i)(3). To serve the United States, a plaintiff must:

(A) [either]

(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

>   (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>   (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

A party has 120 days from the filing of a complaint to serve the defendants. Fed. R. Civ. P. 4(m); *see also, e.g.*, *Parker v. United States*, 110 F.3d 678, 680 (9th Cir. 1997) (applying Rule 4(m) in a case requiring service according to Rule 4(i)); *Rhodes v. U.S. I.R.S.*, No. CV10–1074–PHX–DGC, 2010 WL 5392636, at *3 (D. Ariz. Dec. 28, 2010) (same). The Court may extend the time for a party to serve a complaint, but it cannot reduce Rule 4(m)'s 120-day period for service of process. *Henderson v. United States*, 517 U.S. 654, 661 (1996) ("[Rule 4(m)'s] 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance."); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." (citing *Henderson*, 517 U.S. at 661)). Additionally, the Court "must allow a party reasonable time to cure its failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4)(B).

Where an action is removed from state court, the 120-day period to serve process runs from the date of removal to federal court, rather than the date the action was filed in state court. *E.g.*, *Cowen v. American Med. Sys.*, 411 F. Supp. 2d 717, 721 (E.D. Mich. 2006); *Baumeister v. N.M. Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1352-53 (D.N.M. 2006); *Camillo v. Wash. Mut. Bank, F.A.*, No. 1:09-CV-1548 AWI SMS, 2010 WL 457346, at *1 (E.D. Cal. Feb. 3, 2010). The filing of an amended complaint does not restart Rule 4(m)'s 120-day period, "'except as to those defendants newly added in the amended complaint.'" *Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1100 (D. Nev. 2011) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)).

## DISCUSSION

The sole basis Defendants provide for their motion is that MacDonald has failed to properly serve all the parties required to perfect service under Rule 4(i). In their motion, Defendants argue MacDonald had not properly served any individual defendant, the U.S. Attorney for this District, or the

1  U.S. Attorney General.  Shortly after Defendants filed their motion, however, MacDonald served the
2  amended complaint on all four individual defendants pursuant to Rule 4(e), thus satisfying one of Rule
3  4(i)(3)'s requirements for serving individual officers or employees of the United States.  [*See* Defs.'
4  Reply, at 2-3 (conceding service of the amended complaint on the individual defendants).]   But
5  MacDonald has not served the summons and amended complaint for each individual defendant on the
6  United States or the U.S. Attorney by the particular methods prescribed by Rule 4(i).  [*See id.*; *see also*
7  Pl.'s Opp'n, at 4-13 (detailing MacDonald's efforts to serve the individual defendants and the United
8  States).]  Thus, MacDonald has not yet perfected service on the individual defendants.  *See* Fed. R.
9  Civ. P. 4(i)(3).

10  Defendants' motion, however, is premature.  All of the individual defendants were named in
11  MacDonald's initial complaint.  DHS removed this action from state court on May 18, 2011.  [Defs.'
12  MTD, at 2.]  Accordingly, MacDonald must properly serve the individual defendants within 120 days
13  of that date—on or before September 15, 2011.  *See* Fed. R. Civ. P. 4(m); *Cowen*, 411 F. Supp. 2d at
14  721.  The Court cannot dismiss this action for failure to perfect service until after Rule 4(m)'s 120-day
15  period expires.  *Henderson*, 517 U.S. at 661.  Moreover, even after the 120-day period expires, where,
16  as here, a plaintiff has served the individual United States officers or employees, Rule 4(i) requires the
17  Court to allow the plaintiff "reasonable time to cure its failure to . . . serve the United States."  Fed. R.
18  Civ. P. 4(i)(4)(B).  Accordingly, Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 8/23/11

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**