UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED KENNETH MACDONALD,<br>                                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br>                                          Defendants. | Case No.:  11CV1088 BEN (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE, VACATE DISMISSAL WITHOUT PREJUDICE, AND ENTER DISMISSAL WITH PREJUDICE** |

Following the Ninth Circuit's dismissal of his appeal, Plaintiff Fred Kenneth MacDonald moves this Court under Federal Rule of Civil Procedure 60(b)(6) to reopen his case, vacate the dismissal without prejudice, and enter dismissal with prejudice. (Docket No. 100.)   The Government has filed an Opposition and Plaintiff a Reply. (Docket Nos. 101, 102.)

Plaintiff requested voluntary dismissal of this case without prejudice in 2012. (Docket No. 83.)  The Court granted the request.[1]  (Docket No. 86.)  Plaintiff then filed an appeal. (Docket No. 88.)  After briefing and oral argument, the Ninth Circuit dismissed

---

[1] This case was previously before the Hon. Irma E. Gonzalez.  The case was assigned to the undersigned following the Ninth Circuit's dismissal of Plaintiff's appeal.  References to this Court's decisions include Judge Gonzalez's decisions in this case.

1

the appeal for lack of jurisdiction.  *MacDonald v. United States*, 578 Fed. Appx. 641 (9th Cir. 2014) [Docket No. 98].)   A review of the history of this case and Plaintiff's arguments, almost all of which directly conflict with the Ninth Circuit's findings in dismissing his appeal, require denial of his motion.

**BACKGROUND**

### I.    Procedural History

This action was filed on May 16, 2011 in state court.  (Notice of Removal (Docket No. 1).)  On May 18, 2011, the Government removed the case to this Court.  (*Id.*) Plaintiff filed a First Amended Complaint on June 8, 2011 asserting claims for violations of the Fourth Amendment, Fifth Amendment, Non-Detention Act, and Federal Tort Claims Act. (Docket No. 4.)  Plaintiff's claims were based on his removal to Canada by the United States and its employees and the year he remained there awaiting the ultimate decision that, as a Canadian-born Indian, he was not removable.  (*Id.*)

The Court will not recite the entire procedural history of this case, but notes that the Government and the Individual Defendants filed motions to dismiss challenging Plaintiff's claims.  As a result of those motions to dismiss, the Court dismissed Plaintiff's Fourth Amendment claim with prejudice based on 8 U.S.C. § 1252(g).  His Non-Detention Act claim was dismissed with prejudice.  His Federal Tort Claims Act claim was dismissed with prejudice as to the Individual Defendants and dismissed with leave to amend as to the Government.  His Fifth Amendment claim was allowed to proceed.

Plaintiff filed a motion for reconsideration of the Court's dismissal of his Fourth Amendment claim under § 1252(g) while subsequent motions to dismiss the Second Amended Complaint ("SAC") were pending.  (Docket No. 55.)  He also filed a motion under 28 U.S.C. § 1292(b) to certify the same issue for interlocutory appeal.  (Docket No. 64.)  The Court denied both motions.  (Docket No. 74.)

After the Court ruled on the motions to dismiss, Plaintiff did not file a Third Amended Complaint or otherwise proceed with the case.  He filed a "Request for

2

Voluntary Dismissal" in which he "request[ed] the Court dismiss this case without prejudice" under Federal Rule of Civil Procedure 41(a)(2).  (Docket No. 83)  The Court ordered the Government to show cause in writing why the Court should not dismiss the case without prejudice pursuant to Plaintiff's request.  (Docket No. 84.)  The Government's response sought costs and fees as a condition of dismissal *without prejudice*, but offered to withdraw the request if Plaintiff sought dismissal *with* prejudice. (Docket No. 85.)  The Court then granted Plaintiff's motion and did not require Plaintiff to pay the Government's costs and fees as a condition of dismissal.  (Docket No. 86.) "Plaintiff's motion for voluntary dismissal [was] GRANTED."  (*Id.*)  "Plaintiff's complaint [was] DISMISSED WITHOUT PREJDUICE, with each party to bear its own costs." (*Id.*)

After the case was dismissed without prejudice at Plaintiff's request, he filed an ex parte motion seeking a final entry of judgment.  (Docket No. 87.)  This was the first time Plaintiff indicated any intention to seek appellate review other than his unsuccessful motion for §1292(b) certification.  However, in seeking a final entry of judgment, Plaintiff refers to the Court's order granting dismissal of the action without prejudice as "memorialize[ing] his decision to stand on the Second Amended Complaint rather than file a Third Amended Complaint."  (*Id.*)  The next day, while that request was pending, Plaintiff filed a notice of appeal with the Ninth Circuit.  (Docket No. 89.)  The Court denied the motion for entry of judgment and noted that "Plaintiff's request for voluntary dismissal, filed on May 7, 2012, did not in any way indicate he intended to stand on the Second Amended Complaint, and seek entry of judgment based upon the Court's orders dismissing certain claims with prejudice and other claims without prejudice."  (Docket No. 92.)  The Court also noted that Plaintiff failed to cite any authority giving the Court jurisdiction to enter judgment after having dismissed the case under Rule 41(a)(2) at Plaintiff's request.  (*Id.*)  The Ninth Circuit confirmed this in its order.  *MacDonald*, 578 Fed. Appx. at 643 ("At that point, having already dismissed the case without prejudice,

the district court could no longer consider whether to issue a final appealable judgment, and did not.").

Following briefing and oral argument, the Ninth Circuit found it lacked appellate jurisdiction. *Id.* at 644. Plaintiff sought and was denied panel rehearing and the mandate issued. (Docket No. 97-98.)

## II.    Ninth Circuit Decision

The Ninth Circuit reached a number of important conclusions in dismissing Plaintiff's appeal. The court found Plaintiff sought voluntary dismissal of his entire case, not just his remaining claims. *MacDonald*, 578 Fed. Appx. at 642. And, in seeking dismissal of the entire case, "he did not make clear to the district court that he planned to appeal any portion of the case." *Id.* at 643. On the contrary, "his request to dismiss the entire case communicated that he did not intend to proceed with *any* of his claims." *Id.*

The court specifically found that "the district court's decision to allow the voluntary dismissal 'did not imply its intent to grant . . . a final appealable judgment,' similar to the grant of a Rule 54(b) motion." *Id.* (quoting *Am. States Ins. Co., Dastar Corp.*, 318 F.3d 881, 888-89 (9th Cir. 2003) and distinguishing *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002)). The first time Plaintiff expressed any intention to stand on the SAC for purposes of an appeal was after the case was voluntarily dismissed without prejudice. *Id.* And significantly, the Ninth Circuit specifically found that Plaintiff's "actions provide evidence that he sought to circumvent the district court's gatekeeping roles under Federal Rule of Civil Procedure 54(b) and § 1292(b) and thereby to manufacture appellate jurisdiction improperly." *Id.* at 642-43. The court also found there was "no clear, consistent intent that the voluntary dismissal be with prejudice." *Id.* at 643. On the contrary, the court found Plaintiff's conduct "after the dismissal confirms that he had not at the time of its entry intended the dismissal to be with prejudice." *Id.* at 643.

///

4

1

## DISCUSSION

2     Plaintiff moves to reopen this case under Federal Rule of Civil Procedure 60(b)(6).[2]

3  Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or

4  its legal representative from a final judgment, order, or proceeding for the following

5  reasons: . . . (6) any other reason that justifies relief."  The Court finds that Plaintiff is not

6  entitled to relief under Rule 60(b)(6) for a number of reasons.

7     "Judgments are not often set aside under Rule 60(b)(6)."  *Latshaw v. Trainer*

8  *Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006).  "[T]he Rule 'is used sparingly as

9  an equitable remedy to prevent manifest injustice."  *Id.* (quoting *United States v.*

10  *Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).    The Rule "applies only in

11  extraordinary circumstances where petitioner's allegations set up an extraordinary

12  situation which cannot fairly or logically be classified as mere neglect on his part."  *United*

13  *States ex rel. Familian Nw., Inc. v. RG&B Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir.

14  1994) (citations and internal quotations omitted).

15     Plaintiff's motion must be denied for at least there reasons.  First, he is not entitled

16  to an equitable remedy given his attempt to circumvent this Court's authority.  Second,

17  he has not identified any extraordinary circumstances that justify relief.  Third, the relief

18  he seeks is unavailable under Rule 60(b)(6).

19  _____

20  [2] Plaintiff specifically concedes that "relief under Rule 60(b)(1) is foreclosed pursuant to the one-year
time limit stated in Rule 60(c)(1) . . . " in seeking relief under Rule 60(b)(6). (Motion 16.)  Plaintiff
21  seems to hedge on this point in Reply, an untenable approach given the prior concession in the Motion.
(Reply 5-6.)  He argues the Court could find his mistake did not actually occur until the Ninth Circuit
22  found it was a mistake in its decision because he thought the law the Ninth Circuit distinguished
allowed him to appeal.  In essence, it was not a mistake until the Ninth Circuit told him he was wrong
23  even though the court applied existing law.  To accept this proposition, the Court would have to
conclude that a party is not subject to existing case law until the Ninth Circuit applies it to that party's
24  particular case.  This makes no sense.  Additionally, the Court notes that Plaintiff would not be entitled
to relief under Rule 60(b)(1).  *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666
25  (9th Cir. 1997) (finding "neither ignorance nor carelessness on the part of the litigant or his attorney
provide grounds for relief under Rule 60(b)(1)" and "attorney error is insufficient grounds for relief
26  under both Rule 60(b)(1) and (6).").

27

The Ninth Circuit concluded that Plaintiff "sought to circumvent the district court's gatekeeping roles under Federal Rule of Civil Procedure 54(b) and §1292(b) and thereby to manufacture appellate jurisdiction improperly."[3]   There is ample support for this conclusion in the record and this Court agrees with the conclusion.   Having failed in his endeavor to circumvent the Court's authority, Plaintiff wants to try again through Rule 60(b)(6).   Relief under Rule 60(b) is equitable.   *Latshaw*, 452 F.3d at 1103.   The Court will not reward a party with equitable relief for attempting to, however unsuccessfully, circumvent the Court's authority.

Even if the Court rejected the Ninth Circuit's conclusion and accepted Plaintiff's characterization of the proceedings — that he simply did not know how to obtain an appealable final judgment — Plaintiff has not identified any extraordinary circumstances that justify relief.   Rather, at best, he was careless and acted without diligence.   His conduct before this Court "communicated that he did not intend to proceed with *any* of his claims," *MacDonald*, 578 Fed. Appx. at 643, when he claims his true intention was to only dismiss his remaining claims and stand on his SAC for purposes of appeal.[4]   At a bare minimum, Plaintiff had an obligation to tell the Court what he was trying to do and allow the Court "to exercise its discretion as to whether to grant the functional equivalent of a partial judgment under Rule 54(b)."   *Id.* at 643.   Instead, he filed a motion lacking

---

[3] Plaintiff characterizes this conclusion by the Ninth Circuit as "not tenable."   (Motion 10 n.9.) Assuming this Court could disregard the Ninth Circuit's conclusion, Plaintiff fails to provide a basis to do so.   Plaintiff quotes this Court's finding that "[t]he Court never found Plaintiff's claims to be frivolous, vexatious, or in bad faith."   But the Court made that finding as a basis for denying the Government's request for fees and costs in granting Plaintiff's request for voluntary dismissal.   This decision was issued before Plaintiff surprised the Court with a request for a final entry of judgment. Plaintiff's reliance on this language, preceding the conduct the Ninth Circuit was addressing, is at best misplaced and at worst an attempt to mislead the Court.

[4] Contrary to Plaintiff's assertion in his Motion, he did not "file[] a motion for voluntary dismissal of the *remaining claims* on May 7, 2012."   (Motion 8.)   As the Ninth Circuit found, "he did not dismiss only the 'remaining claim' that survived the district court's orders; instead he explicitly sought dismissal of his entire case."   *MacDonald*, 578 Fed. Appx. at 642.

any indication he was attempting to obtain a final judgment for appeal, sought dismissal without prejudice, and unsuccessfully tried to appeal.  These are not extraordinary circumstances.  Giving Plaintiff every benefit of the doubt, this can "fairly or logically be classified as mere neglect on his part," rather than extraordinary circumstances.  *RG&B Contractors, Inc.*, 21 F.3d 956 (citations and internal quotations omitted); *see also Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) ("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).").

This is sufficient to deny Rule 60(b)(6) relief, however, Plaintiff is also not entitled to relief under Rule 60(b)(6) for another reason.  Plaintiff cannot obtain relief through Rule 60(b)(6) on a basis covered by Rule 60(b)(1).  "These provisions are mutually exclusive, and thus a party who failed to take timely action due to excusable neglect [, under Rule 60(b)(1),] may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer Inv. Servs. Co. v. Bruswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).  If the Court accepts Plaintiff's claim that this was just "an issue of vocabulary," that he just failed to procedurally  obtain a final appealable judgment, then he is claiming a mistake — a basis for seeking relief under Rule 60(b)(1).[5]

## CONCLUSION

Plaintiff's Motion is **DENIED**.  The case remains closed.

**IT IS SO ORDERED.**

Dated:  July 21, 2015

Hon. Roger T. Benitez
United States District Judge

---

[5] If the distinctions between dismissal without prejudice and with prejudice eluded Plaintiff when he filed his request for voluntary dismissal, the Government's request for dismissal *with* prejudice as opposed to without prejudice, albeit for a different reason, should have prompted Plaintiff to consider that these words might have some significance.

11CV1088 BEN (KSC)